**Richard COLLINS, Plaintiff,**

v.

**SOUTHWESTERN BELL TELEPHONE COMPANY, a corporation, Defendant.**

**No. CIV–73–311.**

United States District Court, E. D. Oklahoma.

May 24, 1974.

---

Bonds, Matthews, Bonds & Cartwright, Muskogee, Okl., for plaintiff.

Robert D. Allen, William J. Free, Nancy Batchelor, O. Carey Epps, Oklahoma City, Okl., for defendant.

## ORDER

MORRIS, District Judge.

The complaint filed in this case is brought pursuant to 42 U.S.C. § 2000e–5 of the Civil Rights Act of 1964. The essence of plaintiff's complaint is that he was discriminated against in his employment because of his religious convictions.

Plaintiff is an employee of Southwestern Bell Telephone Company. He requests the Court to enter a temporary injunction so as to maintain his employment status as it existed prior to the time of the alleged discriminatory practice by the defendant. In particular, he requests the Court to reinstate him as Marketing Manager in the City of Muskogee at the salary he was earning at the time of the alleged discrimination, as well as the cost of living increase which plaintiff contends should have been granted to him as well as being reinstated to his former pay increase schedule which was due to be reevaluated in December, 1973, for payment of the expenses he has incurred by reason of the alleged discriminatory practice of the defendant including but not limited to the expense of commuting, his back pay and the expenses incurred in the sale of his home. He further requests the Court to set this matter for hearing on its merits for the purpose of entering a permanent injunction restoring the plaintiff to his position as Marketing Manager in the City of Muskogee, his attorneys fee and the costs of this action.

The defendant filed a motion to dismiss asserting that the Court is without jurisdiction over the subject matter of plaintiff's claim because of plaintiff's failure to allege the jurisdictional facts required by 42 U.S.C. 2000e–5(f)(1).

Specifically it is urged that the suit may not be filed by the plaintiff until the expiration of 180 days after the charge of alleged religious discrimination was filed with the EEOC or if within the 180 day period the suit may not be filed unless the EEOC notifies the plaintiff that "a civil action may be brought" by the plaintiff against the defendant. It is also urged that plaintiff has failed to exhaust his administrative remedies.

Plaintiff filed his charge on November 19, 1973, with the EEOC alleging religious discrimination. The complaint was filed in Federal Court on December 6, 1973. There is no allegation in the complaint that the plaintiff was notified by the EEOC of his right to sue the defendant between the time the charge was filed (November 19, 1973) and the time the complaint was filed (December 6, 1973) and it is not contended that such notice was given.

■■ The question for decision before the Court is whether the provisions with respect to the time of filing a complaint as contained in 42 U.S.C. § 2000e–5(f)(1) are applicable when the relief being sought by the plaintiff is preliminary or temporary relief pending an adjudication of the alleged discriminatory practice on its merits. The statute provides in part as follows:

"If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge . . . the Commission has not filed a civil action under this section . . . or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved . . . ."

Subsection (f)(2) of the statute provides in part as follows:

"Whenever a charge is filed with the Commission and the Commission concludes on the basis of a preliminary investigation that prompt judicial action is necessary to carry out the purposes of this Act, *the Commission, . . . may bring an action for appropriate temporary or preliminary relief pending final disposition of such charge.*" (Emphasis added.)

The Court is of the opinion that the provisions of the above mentioned statute are applicable and that plaintiff's action cannot be independently brought against the defendant unless his charge which was filed with the Commission has either been dismissed by the Commission or (if within the 180 days after the filing of the charge) the Commission shall have given the plaintiff a "right to sue" letter by notifying plaintiff that his action may be brought against the defendant.

It is clear, as a general proposition, that the above provisions of the statute must be complied with before the plaintiff seeks redress in Federal Court. In Love v. The Pullman Company, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972) the Supreme Court stated:

"A person claiming to be aggrieved by a violation of Title VII of the Civil Rights Act of 1964, 78 Stat. 253, may not maintain a suit for redress in federal district court unless he has first unsuccessfully pursued certain avenues of potential administrative relief."

Indeed the legislative scheme indicates that resort to the federal courts is the last of a series of steps which is made available to a person who has been discriminated against in his employment. In considering the requirements of the statute, the Court in Beverly v. Lone Star Lead Const. Corp., 437 F.2d 1136 (5th Cir. 1971) pointed out:

". . . the EEOC was intended to, and does, play an important role in the legislative scheme. Potential liti-

gants are absolutely required to take a step which affords them at least an *opportunity* to reach a more amicable conciliation out of court." (Emphasis by the court.)

\* \* \* \* \* \*

"We conclude therefore, that the administrative remedies available from the EEOC must be 'exhausted' in the traditional sense of the term, as a prerequisite to federal suit." (At p. 1139).

In the present case only 17 days elapsed between the time the charge was filed with the EEOC and the filing of the complaint. No opportunity was afforded for conciliation. One of the purposes of the Act is to afford a reasonable period of time for conciliation. If conciliation is impossible within the period provided in the Act, the EEOC may bring a civil action to correct the wrong and the person aggrieved "shall have the right to intervene." If the EEOC has not filed an action within 180 days the Commission shall notify the person aggrieved and he may institute a civil action in his own right.

The 8th Circuit in Local 179, United Textile Workers v. Federal Paper Stock Co., 461 F.2d 849 (1972) has recently stated:

"It is now settled, however, that a complaining party must satisfy *two jurisdictional prerequisites* in order to bring suit under Title VII: (a) a charge must be filed with the EEOC, and (b) statutory notice from the EEOC of the right to sue must be received [citing cases]. In other words it is clear that a person seeking redress for employment discrimination may not bypass the EEOC and proceed directly to the federal courts." (At 851) (Emphasis added.)

Plaintiff admits that the foregoing provisions of the statute are applicable in a circumstance where the aggrieved party is seeking damages but argues that the statutory provisions do not apply when an aggrieved person is seeking "temporary relief to maintain the status quo." Three cases have been brought to the court's attention which involve preliminary or temporary relief. In two of the cases cited the plaintiff had received a letter from the EEOC authorizing the suit in which preliminary relief was sought. See Culpepper v. Reynolds Metals Company, 421 F.2d 888 (5th Cir. 1970) and Rios v. Enterprise Association Steamfitters Local Union No. 638 of U. A., 326 F.Supp. 198 (D.C.1971).

The third case is Drew v. Liberty Mutual Insurance Co., 480 F.2d 69 (5th Cir. 1973). In that case Drew filed her complaint on April 19, 1972, alleging that she had been discharged on April 7, 1972, the day after she filed her charge of discrimination with the EEOC. She alleged in her complaint that her discharge was in retaliation for having filed her charge with the Commission and for opposing practices prohibited by Title VII. She sought an order temporarily reinstating her to the position she had held.

The defendant filed a motion to dismiss. At the hearing on the motion the trial court expressed strong doubt as to the right of an individual employee to maintain such an action in view of the amendment to Title VII made effective in 1972, which amendment provided for the first time that when the EEOC concluded on the basis of a preliminary investigation that prompt judicial action is necessary, it may bring an action for temporary or preliminary relief. The trial court did not, however, dismiss the complaint but instead granted Drew's counsel additional time within which to amend. On May 23, 1972, the complaint was amended by alleging that the EEOC had, at Drew's request, issued a "Notice of Right to Sue Within 90 days" on May 18, 1972.

In the meantime, on May 12, 1972, the Commission filed a complaint of its own alleging substantially the same facts as contained in Drew's complaint and in this suit the EEOC also sought temporary relief under Section 2000e–5(f)(2). At a hearing on the EEOC's complaint the trial court concluded that the dis-

charge had been retaliatory, found the plaintiff had suffered irreparable harm, and ordered that Drew be reinstated in her former position with back pay. Subsequently the trial court dismissed Drew's complaint on the grounds that she could not individually maintain a suit for preliminary injunctive relief.

On appeal the 5th Circuit held that "*in the limited class of cases such as the present,* in which irreparable injury is shown and likelihood of ultimate success has been established, (here this has been determined by the trial court), the individual employee may bring her own suit to maintain the status quo pending the action of the Commission on the basic charge of discrimination." Drew v. Liberty Mutual Insurance Company, 480 F. 2d 69 at 72 (5th Cir. 1973) (emphasis added).

The Court is of the opinion that the *Drew* case is distinguishable from the case at bar. In the first place an amended complaint was filed by Drew affirmatively alleging that a right to sue letter had been issued to her by EEOC. Rule 15(c) of the Federal Rules of Civil Procedure provides that whenever an original pleading is amended the amendment "relates back to the date of the original pleading" and hence the complaint did allege that the EEOC had specifically authorized the action to be brought by Drew. Thus both elements usually considered to be prerequisites to jurisdiction, to-wit: the filing of a charge with the EEOC and the issuance by the EEOC of a "right to sue letter" were satisfied.

Further, and although the *Drew* case holds to the contrary, a strong argument can be made, as a matter of statutory construction, in view of the comprehensive nature of the legislative scheme embodied in Title VII, that it was the intention of Congress that *only* the EEOC had the right to temporary or preliminary injunctive relief as set forth in § 2000e–5(f)(2).

In every instance it would no doubt be desirable from the aggrieved party's point of view, that the status quo be maintained pending an adjudication on the merits with respect to the wrongs alleged in the complaint. The statutory language makes that possible if the EEOC "concludes on the basis of a preliminary investigation that prompt judicial action is necessary." But that remedy is not given by the statute to each aggrieved individual. And if each aggrieved person may bypass the conditions specified in the statute, which requires the issuance of "a right to sue" letter from EEOC and may insist upon a "hearing at the earliest practicable date" then the trial courts will be flooded with such requests. The statutory scheme makes sense; it should be followed.

It is the conclusion of the Court that the provisions of 42 U.S.C. § 2000e–5(f)(1) have not been met and that there is no showing in the present case of irreparable injury to the plaintiff. The Court accordingly dismisses the complaint and plaintiff's cause of action.

It is so ordered.