Beverly A. TROY, d/b/a Bev's Fillin'
Station, Plaintiff-Appellant,

v.

SHELL OIL COMPANY, a Delaware
Corporation, Defendant-Appellee.

No. 74–1928.

United States Court of Appeals,
Sixth Circuit.

July 31, 1975.

James D. Wines, Royal Oak, Mich., for
plaintiff-appellant.

William A. Carey, Joseph T. Eddins,
Jr., Beatrice Rosenberg, Charles L. Reis-
chel, Lutz Alexander Prager, Carol Lynn
Green, Washington, D. C., amicus curiae,
for EEOC.

Benjamin W. Jayne, Dahlberg, Mallen-
der & Gawne, Clarence J. Boldt, Jr., Bir-
mingham, Mich., for defendant-appellee.

Before WEICK, EDWARDS and
PECK, Circuit Judges.

EDWARDS, Circuit Judge.

Appellant Beverly A. Troy is a li-
censed dealer for defendant Shell Oil
Company, doing business as Bev's Fillin'
Station. On being notified by Shell that
her lease would not be renewed, appel-
lant initiated this action on May 14,
1974, seeking a temporary injunction to
restrain appellee Shell from acting to
dispossess her until her complaint had
been resolved. Subsequently she filed a
charge of employment discrimination
with the Equal Employment Opportunity
Commission on May 24, 1974.

It is undisputed, of course, that the
180-day period during which parties are
ordinarily precluded from bringing Dis-
trict Court suits, 42 U.S.C. § 2000e–
5(f)(1) (Supp.III, 1973), had not expired
when this District Court action was
filed. On that ground the District Judge
denied jurisdiction and dismissed the
complaint, resulting in this appeal.

The substantive issue presented by ap-
pellant is whether or not the District
Court had jurisdiction under facts show-
ing 1) filing of an EEOC charge, 2) an
existing employment relationship,[1] 3) the
180 days prior to notice of right to sue
has not run out, 4) appellant's complaint
alleges irreparable harm and seeks tem-
porary injunctive relief pending EEOC
action.

Appellee declined to brief the substan-
tive issue, contending by letter that the
appeal was moot because prior to this
court's consideration of the appeal, the
180-day limitation would have expired
and appellant would have clear access to
the District Court.

The 180 days did, indeed, expire before
the appeal was heard and appellant's
right to District Court action is and has

1. For purposes of this appeal we assume without deciding that appellant is (as she alleges) a
Shell employee.

been open to her for some months. Nonetheless, she and the EEOC (which did not intervene as a party but has intervened as *amicus curiae*) argue that we should hear and decide the substantive issue because the cause of action is likely to prove repetitive, yet likely to evade review. *See Southern Pacific Terminal Co. v. Interstate Commerce Commission,* 219 U.S. 498, 515–16, 31 S.Ct. 279, 55 L.Ed. 310 (1911); *Moore v. Ogilvie,* 394 U.S. 814, 89 S.Ct. 1493, 23 L.Ed.2d 1 (1969).

Prior to our consideration of this matter, the Supreme Court handed down decisions in three cases which affect the mootness question. *Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975); *Board of School Commissioners of Indianapolis v. Jacobs,* 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975); *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). Prior to these cases we would have understood *Southern Pacific Terminal Co. v. ICC, supra* and *Moore v. Ogilvie, supra,* as requiring rejection of the mootness claim, since the issue sought to be presented is likely to be repetitive and the time limitation is such as to evade review otherwise.

Our study of the three recent cases cited above convinces us that the majority of the Supreme Court has limited the *Southern Pacific Terminal* rule by allowing its application only where (the named plaintiffs having been dismissed) a class has been determined and the controversy continues between the named defendant and members of the class. In *Sosna* the opinion of the Court said:

> The rationale of *Dunn* controls the present case. Although the controversy is no longer live as to appellant Sosna, it remains very much alive for the class of persons she has been certified to represent. Like the other voters in *Dunn,* new residents of Iowa are aggrieved by an allegedly unconstitutional statute enforced by state officials. We believe that a case such as this, in which, as in *Dunn,* the issue sought to be litigated escapes full appellate review at the behest of any single challenger, does not inexorably

become moot by the intervening resolution of the controversy as to the named plaintiffs. *Dunn, supra; Rosario v. Rockefeller,* 410 U.S. 752, 756 n. 5, 93 S.Ct. 1245, 1249, 36 L.Ed.2d 1 (1973); *Vaughan v. Bower,* 313 F.Supp. 37, 40 (Ariz.), aff'd, 400 U.S. 884, 91 S.Ct. 139, 27 L.Ed.2d 129 (1970). We note, however, that the same exigency that justifies this doctrine serves to identify its limits. In cases in which the alleged harm would not dissipate during the normal time required for resolution of the controversy, the general principles of Art. III jurisdiction require that the plaintiff's personal stake in the litigation continue throughout the entirety of the litigation.

Our conclusion that this case is not moot in no way detracts from the firmly established requirement that the judicial power of Art. III courts extends only to "cases and controversies" specified in that Article. There must not only be a named plaintiff who has such a case or controversy at the time the complaint is filed, and at the time the class action is certified by the District Court pursuant to Rule 23, but there must be a live controversy at the time this Court reviews the case. *SEC v. Medical Committee for Human Rights, supra.* The controversy may exist, however, between a named defendant and a member of the class represented by the named plaintiff, even though the claim of the named plaintiff has become moot.

In so holding, we disturb no principles established by our decisions with respect to class action litigation. A named plaintiff in a class action must show that the threat of injury in a case such as this is "real and immediate," not "conjectural" or "hypothetical." *O'Shea v. Littleton,* 414 U.S. 488, 494, 94 S.Ct. 669, 675, 38 L.Ed.2d 674 (1974); *Golden v. Zwickler,* 394 U.S. 103, 109–110, 89 S.Ct. 956, 960–961, 22 L.Ed.2d 113 (1969). A litigant must be a member of the class which he or she seeks to represent at the time the class action is certified by the

District Court. *Bailey v. Patterson,* 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962); *Rosario, supra; Hall v. Beals,* 396 U.S. 45, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969). Appellant Sosna satisfied these criteria. *Sosna v. Iowa, supra* at 401–403, 95 S.Ct. 553. (Footnotes omitted.)

Our instant case was not filed as a class action and, of course, no class has been determined. Hence, *Sosna, supra* and *Board of School Commissioners of Indianapolis, supra,* appear to be dispositive.

We believe that our interpretation is consistent with the Courts of Appeals which have thus far dealt with the mootness problem since *Sosna, supra. Cicchetti v. Lucey,* 514 F.2d 362 (1st Cir. 1975) (Decided 4/16/75) *Western Addition Community Organization v. Alioto,* 514 F.2d 542 (9th Cir. 1975) (Decided 3/27/75) *Bradley v. Housing Authority of Kansas City,* 512 F.2d 626 (8th Cir. 1975) (Decided 3/19/75). *Cf. Frost v. Weinberger,* 515 F.2d 57 (2d Cir. 1975) (Decided 4/17/75).

The instant appeal is dismissed on grounds of mootness.