**Diane T. MANNING, Plaintiff, Appellant,**

v.

**TRUSTEES OF TUFTS COLLEGE et al., Defendants, Appellees.**

**No. 79–1444.**

United States Court of Appeals, First Circuit.

Argued Oct. 4, 1979.

Decided Jan. 30, 1980.

---

Michael J. Barry, Boston, Mass., with whom Bernard Manning, Boston, Mass., was on brief, for plaintiff, appellant.

Danielle E. De Benedictis, Boston, Mass., with whom Phillips Axten and Nutter, McClennen & Fish, Boston, Mass., were on brief, for defendants, appellees.

Before COFFIN, Chief Judge, CAMP-BELL, Circuit Judge, BONSAL, Senior District Judge *.

COFFIN, Chief Judge.

This is an appeal from the denial of a preliminary injunction. Plaintiff filed suit on August 14, 1979, claiming violation of her rights under Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e, *et seq.*, in that defendant university had sexually discriminated against her in denying her tenure. She sought the grant of interim relief to prevent the scheduled termination of her employment as an assistant professor in the Department of Education on August 31. After granting a temporary restraining order on August 15, the district court held an evidentiary hearing on the motion for a preliminary injunction on August 27. The court then denied plaintiff's motion, holding that she had failed to carry her burden of establishing probable success of proving the merits of her claim.

Plaintiff quickly filed notice of appeal and although we denied her motion for a stay pending appeal, we ordered an expedited appeal. However, shortly before oral argument, plaintiff moved in the district

* Of the Southern District of New York, sitting by designation.

court pursuant to Fed.R.Civ.P. 60(b) to vacate the adverse order and to enter judgment for her on the grounds that defendants had wilfully withheld documents requested by her pursuant to Fed.R.Civ.P. 34. After oral argument we requested the district court on October 5 to rule on plaintiff's motion to vacate. On October 24, the district court held a hearing on this motion and on the following day denied the motion, finding no fraud or intentional concealment of documents. Plaintiff now appeals from this ruling also as we had contingently invited her to do on October 5. We now affirm both orders because we are convinced that the district court did not abuse its discretion in either ruling.

We must first address the issue of whether the district court had subject matter jurisdiction to entertain a motion for a preliminary injunction, under the 1972 amendments to Title VII, by a private party who has not received authorization to sue from the Equal Employment Opportunity Commission (EEOC). The Supreme Court has not ruled on this issue and the lower courts are divided.[1] This question was before this court in *Hochstadt v. Worcester Foundation for Experimental Biology*, 545 F.2d 222 (1st Cir. 1976), but was not answered because resolution was unnecessary to the disposition of the appeal. The court assumed that such jurisdiction existed and proceeded to affirm the denial of the preliminary injunction on the merits, *id.* at 226. We follow the same course here. While the parties have briefed the issue on appeal, the district court made no findings of fact or law on the point, but seems to have assumed that such jurisdiction exists. The question is a difficult one, proper resolution of which requires a sensitive weighing of several facts—that a "right to sue" letter from EEOC is a prerequisite to a court's assuming subject matter jurisdiction over the ulti-

mate merits of a private Title VII suit, *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), that Congress was silent on the question, and that a party may irreparably suffer the very damage Title VII was designed to prevent if a court cannot maintain the employment *status quo* pending the usually lengthy EEOC investigation. We think we are justified in withholding decision on an issue of such importance to the administration of the Civil Rights Act when such judgment would have to be made without the aid of the district court and when it would not affect the outcome of the case before us. We shall assume therefore, without deciding, that the district court had jurisdiction to grant or deny the relief sought.

The district court denied plaintiff a preliminary injunction, holding that she had not demonstrated a sufficient likelihood of prevailing on the merits. The court found that plaintiff had not established that defendants' explanation for denial of tenure, viz, the doubtful quality of her scholarship, was a pretext for sexual discrimination.

■ Plaintiff faces a heavy burden in attempting to convince us to upset the judgment of the district court in this matter.

"In reviewing the granting or denial of a preliminary injunction, the standard is whether the district court abused its discretion. An appellate court's role is to decide whether the district court applied proper legal standards and whether there was reasonable support for its evaluation of factual questions." *Hochstadt v. Worcester Foundation for Experimental Biology, supra*, at 229 (citations omitted).

Here, plaintiff's principal argument on appeal is that the district court erred in not

---

1. *See Berg v. Richmond Unified School Dist.*, 528 F.2d 1208 (9th Cir., 1975), *vacated on other grounds*, 434 U.S. 158, 98 S.Ct. 623, 54 L.Ed.2d 375 (1977) (jurisdiction); *Drew v. Liberty Mutual Ins. Co.*, 480 F.2d 69 (5th Cir., 1973), *cert. denied*, 417 U.S. 935, 94 S.Ct. 2650, 41 L.Ed.2d 239 (1974) (jurisdiction); *McGee v. Purolator Courier Corp.*, 430 F.Supp. 1285 (N.D.Ala.1977)

(no jurisdiction); *Nottleson v. A. O. Smith Corp.*, 397 F.Supp. 928 (E.D.Wis.1975) (no jurisdiction); *Troy v. Shell Oil Co.*, 378 F.Supp. 1042 (E.D.Mich., 1974), *appeal dismissed as moot*, 519 F.2d 403 (6th Cir., 1975) (no jurisdiction); *Collins v. Southwestern Bell Tel. Co.*, 376 F.Supp. 979 (E.D.Okla., 1974) (no jurisdiction).

drawing the legal conclusion from the circumstantial evidence that the University's denial of tenure was prompted by illegal consideration of her sex. We have recently reaffirmed that the issue of whether a party was a victim of sex discrimination is a question of mixed law and fact subject to the clearly erroneous standard of review of Fed.R.Civ.P. 52(a), *Sweeney v. Board of Trustees of Keene State College*, 604 F.2d 106, 109 n. 2 (1st Cir. 1979). Thus, to prevail in her contention that the district court drew the wrong conclusion from the evidence before it, appellant must show that the district court's conclusion had no reasonable support.

Plaintiff assumed her position as assistant professor in the Department of Education at Tufts in September, 1975. At that time she already had earned a doctorate degree in education and possessed considerable teaching experience. The evidence tends to show that she performed well in various administrative posts at Tufts, achieving more significant results directing the department's "Learning Center" than had a male predecessor, although she was working with more limited resources. Under university procedures, plaintiff's tenure review was scheduled for the 1977–78 academic year. Plaintiff contended below that she was entitled under Tufts' rules to defer her tenure review, and that she attempted to do so. The district court, however, found that the university generally insisted on adherence to the timetable for tenure review and that the denial of a deferment in her case was not discriminatorily motivated. We find ample support in the record for the court's conclusion on this question.

In December, 1977, the tenured members of the Department of Education recommended plaintiff for tenure. This recommendation was then reviewed by a subcommittee of the Tenure and Probation Committee of the Faculty of Arts and Sciences. The subcommittee unanimously recommended plaintiff for tenure, although two members, Professors Fixler and Ounjian, harbored reservations about the depth of her scholarship. The question then came before the full Tenure and Promotion Committee, all but one of whom were male. The committee authorized Professor Fixler to request an outside expert confidentially to review plaintiff's publications. Upon application to the Dean of the Harvard School of Education, he was referred to Dr. Jeanne Chall, a woman expert in plaintiff's field. Plaintiff had earlier objected to the inclusion of Dr. Chall on a list of potential outside readers because Dr. Chall lacked personal knowledge of her work. Professor Fixler testified that he was unaware of plaintiff's objection. The choice of Dr. Chall as the outside evaluator was never divulged to plaintiff, as seems to have been the practice in all tenure decisions.

Dr. Chall received a number of plaintiff's publications and a request for a general evaluation. Professor Fixler testified that he eventually called Dr. Chall to request her opinion and found her to be "lukewarm affirmative", but also said that her remarks confirmed his view that plaintiff's scholarship was of marginal quality. The committee eventually voted unanimously to deny plaintiff tenure because of their opinion that her scholarship lacked depth, members Fixler and Ounjian thus reversing the positive votes they had cast on the subcommittee. The denial of tenure was later affirmed by the independent evaluations of Dean Harleston and Provost Kathryn McCarthy.

■ Plaintiff argues that the irregularities in her tenure decision-making process—the solicitation of a "secret" outside reader to whom she had previously objected, the unanimous reversal of the subcommittee's unanimous recommendation, and the switching of positions by the two professors who were on both the committee and the subcommittee—indicate, in light of her qualifications for tenure, that the review was a sham to shield the university's real reason for denying her a permanent position: namely, that she was a woman in a field where women already predominated. The district judge clearly took plaintiff's charges seriously and expressed on the record his concern with the procedures that led

to the denial of her tenure. He weighed the evidence before him with care and, on the basis of the explanations offered him by university faculty and administrators, concluded that plaintiff had not sustained her burden of proving that the reasons given for her dismissal were pretextual or the consideration of her sex entered into the decision. On the record before us we cannot say that this conclusion has no reasonable support or was an abuse of discretion.

The record contains testimony that tends to show that confidential review by an outside evaluator was not uncommon, that nothing untoward entered the decision to select Dr. Chall as that evaluator, that the unanimous reversal of the subcommittee had precedents and indeed that such a reversal had occurred during the same year in the case of a male applicant, and that the two members who switched their votes had felt uncomfortable about recommending plaintiff earlier. The district judge also weighed the fact that no woman had ever received tenure in the Tufts Department of Education, but discounted this because only one person had been granted tenure in that department since the current dean assumed his position in 1970.

In a case of this character, where a preliminary injunction is sought on the basis of indirect evidence, the district court's judgments about credibility, formed during a necessarily short hearing, must have a large bearing on his conclusion about the underlying issue of whether the complainant has been the victim of sex discrimination. *Cf. Sweeney v. Board of Trustees of Keene State College, supra,* at 109 n. 2 (deference to district court appropriate where opportunity for observation of witnesses crucial to determining whether objections to applicant's personality are sex biased). Here, the district judge thought all the witnesses were truthful and sincere. We think that his crediting of the testimony of the university officials and their responses to the allegations provided a reasonable basis for his judgment.

 The final issue before us is whether the district court erred in denying plaintiff's motion to vacate judgment on the grounds that defendants wilfully and fraudulently withheld documents, primarily the written evaluation of plaintiff by Dr. Chall, requested pursuant to Fed.R.Civ.P. 34. Motions to reopen judgments pursuant to Fed. R.Civ.P. 60(b) are addressed to the discretion to the district court and will be reversed only when that discretion is abused, *Pagan v. American Airlines Inc.,* 534 F.2d 990, 993 (1st Cir. 1976). The court denied the motion on the grounds that plaintiff could have subpoenaed Dr. Chall for the hearing on the preliminary injunction and that defendants did not possess the written evaluation at the time of the hearing. The court also stated that the parties were not under any court order to produce documents, but that the court had merely requested counsel to cooperate with each other. The court found that counsel for the defendants had cooperated to the best of their ability. We also note that fewer than the 45 days provided in the rule for a defendant to respond to a request for documents served with a complaint had elapsed when the hearing on the injunction was held. We see no reason to question the district court's discretionary decision.[2]

*Affirmed.*

---

2. Counsel for plaintiff recently informed this court that the EEOC has finally acted in this matter. EEOC has found probable cause to believe that appellant has been discriminated against and has invited both parties to join with it in settlement discussions. We see no reason for this information to affect our disposition of this appeal. We merely note that our decision today neither prevents EEOC from seeking interim relief if it garners new evidence nor precludes plaintiff from pursuing an action in the district court for damages when her administrative remedies have been exhausted. *See Hochstadt v. Worcester Foundation for Experimental Biology, supra,* at 226 n. 3.