Helen W. CASSIDY, Plaintiff,

v.

VIRGINIA CAROLINA VENEER
CORPORATION, Defendant.

Civ. A. No. 80–0015–D.

United States District Court,
W. D. Virginia.

April 20, 1982.

Robert L. Morrison, Williams & Stilwell,
Danville, Va., for plaintiff.

Gary L. Bengston, Danville, Va., for defendant.

## MEMORANDUM OPINION

TURK, Chief Judge.

This action is before the court for computation and entry of an award of attorney's fees pursuant to 42 U.S.C. § 2000e–5(k).[1] Defendant opposes entry of the award on the ground that the court lacks subject matter jurisdiction of plaintiff's claim and that she cannot, therefore, be a "prevailing

---

1.  42 U.S.C. § 2000e–5(k) provides:

    In any action or proceeding under this title [42 U.S.C. §§ 2000e et seq.] the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

Although entrusted to the discretion of the court, it is clear that, absent special circumstances, the failure to award fees to the prevailing party under this provision may be an abuse of discretion. See Christianburg Garment Co. v. EEOC, 434 U.S. 412, 417, 98 S.Ct. 694, 698, 54 L.Ed.2d 648 (1978); Albemarle Paper Co. v. Moody, 422 U.S. 405, 415, 95 S.Ct. 2362, 2370, 45 L.Ed.2d 280 (1975).

party" within the meaning of § 2000e–5(k).[2]

The facts relevant to this matter can be briefly stated.[3] On October 2, 1979, Helen Cassidy filed a charge of sex discrimination with the Equal Employment Opportunity Commission against her former employer, Virginia Carolina Veneer Corp., followed by an amended charge on December 22, 1979.[4] Before conciliation efforts could be started, Virginia-Carolina instituted a defamation action against Cassidy in state court based on statements in her two complaints to the EEOC. On January 28, 1980, Cassidy filed a charge of retaliation with the EEOC; eleven days later, on February 8, 1980, she brought the present action seeking a preliminary injunction of the defamation suit. The EEOC filed a similar suit on February 26, 1980, seeking the same injunctive relief. The cases were consolidated and relief was granted, permanently enjoining Virginia-Carolina from pursuing its state court action and awarding attorney's fees and costs to the plaintiffs. *EEOC v. Virginia-Carolina Veneer Corp.*, 495 F.Supp. 775 (W.D.Va. 1980). However, no award fixing the amount of attorney's fees was entered at the time.

Virginia-Carolina appealed both cases. On appeal, however, it dismissed the EEOC case, agreeing to pay attorney's fees and costs, leaving only the appeal from the judgment in favor of Cassidy outstanding. The Fourth Circuit, observing that Virginia-Carolina had abandoned its appeal of the propriety of the injunctive relief granted by this court, dismissed the remaining issue of whether an award of attorney's fees was proper as lacking in finality, since neither party sought the fixing of the amount of such fees prior to appeal. The court noted:

Should the district court hereafter award counsel fees, and should Virginia-Carolina then lodge an appeal, it will be time enough to resolve both the issue of the court's jurisdiction to do so, and, if the answer is affirmative, any question as to claimed inappropriateness of amount or any other asserted defects Virginia-Carolina may seek to raise.

*Cassidy v. Virginia Carolina Veneer Corp.*, 652 F.2d 380, 383 (4th Cir. 1981).

The time has now come for the entry of such an award and Virginia-Carolina has renewed in this court the argument presented to the Fourth Circuit that no jurisdiction exists upon which the award may be made. This court disagrees.

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, was enacted to prohibit all discrimination in employment based on race, religion, sex, or national origin. Because the procedural emphasis in Title VII is on conciliation rather than litigation, a complainant is required to file a charge with the EEOC before bringing suit in district court. The EEOC is directed to "endeavor to eliminate [the] alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." 42 U.S.C. § 2000e–5(b). The Act prohibits a private party from litigating his claim until the EEOC has dismissed his charge or until it has had at least 180 days to secure voluntary compliance. 42 U.S.C. § 2000e–5(f)(1). Upon dismissal or expiration of the 180 days, the EEOC issues to the aggrieved party a "right to sue" letter.

■ It is undisputed that a right to sue letter is a jurisdictional prerequisite to a suit seeking to adjudicate the merits of a Title VII claim. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974); *McDonnell*

---

**2.** *See Harrington v. Vandalia-Butler Board of Education*, 585 F.2d 192, 197 (6th Cir. 1978), *cert. denied*, 441 U.S. 932, 99 S.Ct. 2053, 60 L.Ed.2d 660 (1979) ("in order to be a prevailing party, a plaintiff must have been entitled to some form of relief at the time the suit was brought."); *Richardson v. Wiley*, 569 F.2d 140, 143 (D.C.Cir.1977) ("we express no view of the scope of the term 'prevailing party' except to

hold that it cannot include a plaintiff in a case where the District Court has no jurisdiction.").

**3.** Fuller statements of the facts are found at 495 F.Supp. 775 and 4th Cir. 652 F.2d 380.

**4.** The original charge of discrimination was found to be without merit by the EEOC and has not been pursued in this court.

*Douglas Corp. v. Green*, 411 U.S. 792, 798, 93 S.Ct. 1817, 1822, 36 L.Ed.2d 668 (1973). *See also Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 361, 97 S.Ct. 2447, 2452, 53 L.Ed.2d 402 (1977). The issue presented here, however, is whether, prior to the expiration of the 180 days, the court has jurisdiction to entertain a complaint seeking preliminary injunctive relief against employer retaliation in order to maintain the status quo pending EEOC determination of the complainant's charge.

The seminal case in this area, *Drew v. Liberty Mutual Ins. Co.*, 480 F.2d 69 (5th Cir. 1973), *cert. denied*, 417 U.S. 935 (1974), held that such relief is available. In that case a female employee sought a preliminary injunction restraining her employer from discharging her in retaliation for having filed a sex discrimination charge with the EEOC. The district court dismissed her action for lack of jurisdiction. On appeal, the Fifth Circuit held that termination of her suit without an award to her of attorney's fees and costs was improper, even though continuance of her suit was now unnecessary since she could intervene in a similar action brought by the EEOC.

Drew has been followed by all the courts of appeal that have considered the issue. *Sheehan v. Purolator Courier Corp.*, 676 F.2d 877 (2d Cir. 1982); *Berg v. Richmond Unified School District*, 528 F.2d 1208 (9th Cir. 1975), *vacated on other grounds*, 434 U.S. 158 (1977); *McNail v. Amalgamated Meat Cutters & Butcher Workmen*, 549 F.2d 538 (8th Cir. 1977). *See also Hochstadt v. Worcester Foundation for Experimental Biology*, 425 F.Supp. 318 (D.Mass.), *aff'd*, 545 F.2d 222 (1st Cir. 1976); *Baxter v. Sharp*, 10 FEP Cases 1159 (W.D.N.C.1975); *Hyland v. Kenner Products Co.*, 10 FEP Cases 367 (S.D.Ohio 1974). *Cf. Jerome v. Viviano Food Co.*, 489 F.2d 965 (6th Cir. 1974).

There is, however, considerable authority to the contrary in lower court decisions.

*Berg v. LaCrosse Cooler Co.*, 13 FEP Cases 783 (W.D.Wis.1976), *appeal dismissed as moot*, 548 F.2d 211 (7th Cir. 1977); *Gradillas v. Hughes Aircraft Co.*, 407 F.Supp. 865 (D.Ariz.1975); *Gellman v. State of Maryland*, 12 FEP Cases 1804 (D.Md.1975), *denial of preliminary injunction aff'd*, 538 F.2d 603 (4th Cir. 1976); *Collins v. Southwestern Bell Telephone Co.*, 376 F.Supp. 979 (E.D.Okl. 1974); *Troy v. Shell Oil Co.*, 378 F.Supp. 1042 (E.D.Mich.1974), *appeal dismissed as moot*, 519 F.2d 403 (6th Cir. 1975). Some courts have ruled that preliminary relief is unavailable under the facts of the case. *Williams v. City & County of San Francisco*, 22 FEP Cases 1238 (N.D.Calif.1978) (status quo already upset by filling positions on basis of contested examinations; likelihood of success difficult to determine); *McGee v. Purolator Courier Corp.*, 430 F.Supp. 1285 (N.D.Ala.1977) (no likelihood of success on merits). *See also Donald v. Ray*, 377 F.Supp. 986 (E.D.Tenn.1974). The Fourth Circuit has not yet ruled on the issue.

■ The rationale of those decisions denying preliminary relief is that the intention of Congress in the comprehensive 1972 amendments to Title VII was to give the EEOC the exclusive right to seek preliminary relief as set forth in § 2000e–5(f)(2).[5] *See, e.g., Gellman v. State of Maryland*, 12 FEP Cases at 1806; *Collins v. Southwestern Bell Telephone Co.*, 376 F.Supp. at 983. This court agrees, however, with the well-reasoned opinion of Judge Kearse in *Sheehan v. Purolator Courier Corp.*, 676 F.2d 877 (2d Cir. 1982). There the court held that where a plaintiff makes a showing of the traditional requirements of irreparable harm and likelihood of success on the merits, the court may grant preliminary relief pursuant to its inherent equity powers in order to maintain the status quo pending determination of the merits of the discrimination charge by the EEOC. Plaintiff in this case made such a showing prior to the

---

5. 42 U.S.C. § 2000e–5(f)(2) provides in part: Whenever a charge is filed with the Commission and the Commission concludes on the basis of a preliminary investigation, that prompt judicial action is necessary to carry out the purposes of this Act, the Commission . . . may bring an action for appropriate temporary or preliminary relief pending final disposition of such charge.

entry of injunctive relief. Accordingly, defendant's contention that this court lacks jurisdiction to award attorney's fees is without merit.[6]

There remains the matter of computing the fee. The factors to be considered in determining an award of attorney's fees are set forth in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978) and have been considered by this court. The court adopts the following as its findings of fact in that regard.

Plaintiff's counsel has submitted affidavits itemizing the time expended. The time in this court amounted to 13.9 hours. The time on appeal amounted to 51.5 hours. The total amount, 65.4 hours, expended on this case was not unreasonable given the bitterness with which it was contested. The jurisdictional issue was novel and not without difficulty, although the merits of the retaliation claim were easily established. Although the case required no specialized skills, counsel ably and expeditiously secured the desired result of enjoining the defendant from pursuing its retaliatory suit. Plaintiff's counsel, who has practiced law for seven years, is by the court's observation a highly competent and effective litigator.

Plaintiff's counsel has informed the court that he normally charges clients between $50 and $60 per hour, depending on their ability to pay. When working in his area of specialty, products liability, counsel charges from $75 to $85 per hour. The court is not aware of any contingent contract between counsel and plaintiff nor has it been informed of any other agreement pertaining to fees. Counsel has represented to the court, however, that he first handled plaintiff's unemployment claim in state administrative hearings and was brought into the plaintiff's claims of discrimination and retaliation after defendant filed its state court action. There is no evidence that

counsel was forced to decline other cases due to this case, but 65 hours that might have otherwise been productively spent were expended on plaintiff's claim.

 Plaintiff's attorney has directly expended $261.67 in expenses. Costs in this court were $60.

Considering all of the above, plaintiff is entitled to his expenses and costs of $321.67 and to an attorney's fee of $3,250.00. An appropriate order will issue.

---

**6.** The defendant's reliance on dicta in *Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977), *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 99 S.Ct. 1601, 60 L.Ed.2d 66 (1979), and *Brown v. General Services Administration*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976) to the effect that a private right of action does not arise until the 180 days has expired is misplaced. None of these cases presented the present issue and the Court was not called upon to decide the matter.