979 F.2d 858
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Terry W. DIMITT, Defendant-Appellant,
and
Mary Dimitt, Defendant.
 No. 92-3150.
 United States Court of Appeals, Tenth Circuit.
 Nov. 9, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant-appellant Terry Dimitt appeals from an order of the United States District Court for the District of Kansas denying his motion to open and vacate judgment pursuant to Federal Rule of Civil Procedure 60(b). We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 This appeal arises out of an action brought by the United States on August 20, 1990 on behalf of the Farmers Home Administration (FHA) seeking recovery on two promissory notes and a security agreement executed by Terry Dimitt and his wife, Mary Dimitt, in consideration for loans made to them by the FHA. Mr. Dimitt moved to dismiss the cause of action as barred by the six-year statute of limitations contained in 28 U.S.C. § 2415(a). In a Memorandum and Order entered November 15, 1991, the district court denied Dimitt's motion and granted summary judgment in favor of the government. The court found Dimitt liable on the notes and further found that the claim was timely because the cause of action accrued in 1987, when the government accelerated Dimitt's note and demanded payment.
 
 
 4
 Dimitt filed a motion to open and vacate judgment pursuant to Rule 60(b). He argued that he was entitled to Rule 60(b) relief because of newly discovered evidence that the notes were accelerated in 1983 and that the government was aware of this fact during the pendency of the action. On March 24, 1992, the district court denied the Rule 60(b) motion, stating that "[t]he documents upon which defendants rely could readily have been obtained through discovery while this action was pending.... Defendants have not shown due diligence as required by Rule 60(b)(2)." Dimitt appealed.
 
 
 5
 We review a district court's ruling on a Rule 60(b) motion for an abuse of discretion. White v. American Airlines, Inc., 915 F.2d 1414, 1425 (10th Cir.1990). In pertinent part, Rule 60(b) provides relief from judgment for "(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party...." Fed.R.Civ.P. 60(b). We liberally construe Mr. Dimitt's pleadings to request relief under both provisions.
 
 
 6
 The district court found that Dimitt's "newly discovered evidence" was available as far back as the summary judgment stage, and therefore was certainly available in time to move for a new trial. Dimitt has alleged no reason why he could not have obtained the evidence earlier; rather, he restates his argument that, regardless of when the information was available, he did not obtain it until January, 1992. The district court did not abuse its discretion in finding Dimitt's new evidence claims meritless.
 
 
 7
 We also construe Mr. Dimitt's Rule 60(b) motion to allege fraud on the part of the government. Specifically, he states that the government "has acted with unclean hands knowing full well or should have known that the six (6) year limitations had expired." The district court did not address this issue in its memorandum and order. Remand is not necessary, however, because Dimitt does not allege that the government refused a discovery request or in any way concealed the information. See Bulloch v. United States, 763 F.2d 1115, 1119 (10th Cir.1985) (all information available to plaintiffs at first trial), cert. denied, 474 U.S. 1086 (1986); see also Manning v. Trustees of Tufts College, 613 F.2d 1200, 1204 (1st Cir.1980) (no fraud or misconduct for nondisclosure where no court order to disclose).
 
 
 8
 Petitioner's motion to proceed in forma pauperis is GRANTED. The order of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3