68 F.3d 455
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Nathaniel L. CHAMPLIN, et al., Plaintiffs, Appellees,
v.
John D. HALLISEY, Defendant, Appellant.
 No. 95-1030.
 United States Court of Appeals, First Circuit.
 Oct. 19, 1995.
 
 John D. Hallisey on brief for appellant.
 Nathaniel L. Champlin and Mildred I. Champlin on brief pro se.
 Before TORRUELLA, Chief Judge, SELYA and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Attorney John Hallisey appeals from the district court's dismissal of his motion for civil contempt. Hallisey claims that his former clients, the Champlins, should be held in contempt for not complying with a fee settlement that was approved and signed by the district court in a case that has been closed.
 
 
 2
 Hallisey characterizes the alleged breach of the fee settlement as a "refusal to obey [the district court's] judgment." The term "judgment," however, begs the question of subject matter jurisdiction: absent some independent basis for federal jurisdiction, dismissal-producing settlement agreements are not enforceable in federal court unless the district court has ensured its continuing ancillary jurisdiction by making "the parties' obligation to comply with the settlement agreement ... part of the order of dismissal." See Kokkonen v. Guardian Life Ins. Co. of Am., 114 S.Ct. 1673, 1677 (1994). We are unable to tell from the record presented to us whether the district court preserved its ancillary jurisdiction in this matter, "either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." Id.
 
 
 3
 In any event, because the merits of the case are easily resolved in favor of the parties who would benefit from an objection to jurisdiction, we need not resolve the jurisdictional issue. See Manning v. Trustees of Tufts College, 613 F.2d 1200, 1202 (1st Cir.1980) (assuming district court had subject matter jurisdiction to entertain motion for a preliminary injunction; upholding the denial of the motion). The complainant in a contempt proceeding carries the "heavy burden" of proving contempt by clear and convincing evidence. Langton v. Johnston, 928 F.2d 1206, 1220-22 (1st Cir.1991) (citing AMF, Inc. v. Jewett, 711 F.2d 1096, 1100 (1st Cir.1983)). The denial of a motion for contempt is reviewed only for abuse of discretion. Langton, 928 F.2d at 1220. See also AMF, 711 F.2d at 1100 ("a district court's refusal to find contempt should not be overturned lightly").[1]
 
 
 4
 The district court dismissed the motion for contempt because "[n]o factual basis" had been proffered. We think it meant that Hallisey's allegations, even if true, fell short of clear and convincing evidence of contempt. There was no abuse of discretion in this determination.
 
 
 5
 Hallisey argues that the district court deprived him of due process by dismissing the motion for contempt sua sponte while his discovery requests were pending, without giving him an opportunity to plead the factual basis for his claims. We think that Hallisey had an adequate opportunity, if not in his motion for contempt, certainly in his related motion for summary judgment, to present the factual basis for his claims. The district court did not abuse its discretion by denying the motion for contempt.
 
 
 6
 Affirmed.
 
 
 
 [1]
 In the section of his brief setting forth our standard of review, Hallisey says that we review questions of law de novo, but fails to follow up this truism with the well-settled standard of review in denial of contempt cases