**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Harry M. KATZ, Defendant-Appellant.**

**No. 71-2063**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Feb. 23, 1972.

Rehearing Denied March 17, 1972.

---

* ■ Rule 18, 5 Cir.; see Isbell Interprises, Inc. v. Citizens Casualty Co. of New York et al.. 5 Cir. 1970, 431 F.2d 409.

Michael L. Kinney, St. Petersburg, Fla., for defendant-appellant.

John L. Briggs, U. S. Atty., Bernard H. Dempsey, Jr., Asst. U. S. Atty., Tampa, Fla., for plaintiff-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

BELL, Circuit Judge:

This appeal is from a judgment of conviction entered on a jury verdict finding Dr. Katz guilty on five counts of an indictment, two of which charged him with filing false statements in violation of 18 U.S.C.A. § 1001,[1] and three counts of which charged him with filing false statements in violation of 42 U.S. C.A. § 408(c).[2] He was acquitted on a conspiracy count and on an additional count charging a violation of § 1001.

Dr. Amadio, another defendant, was found guilty on two counts charging violations of § 408(c), supra. Two employees of Pinellas General Hospital, charged in the conspiracy count, were acquitted. Dr. Amadio received a suspended sentence. Dr. Katz was given concurrent sentences with two years imprisonment. This appeal is by Dr. Katz.

The gist of the indictment was that Dr. Katz, a medical doctor, Chief of Staff of Pinellas General Hospital in Largo, Florida, and president of the corporation which owned the hospital, individually, and in conspiracy with others, falsified and misrepresented claims to the Social Security Administration for services allegedly rendered to Medicare patients. See Health Insurance For the Aged Act. 42 U.S.C.A. § 1395 et seq.

There was much evidence concerning the government's contention that needless and unauthorized hospital and treatment services were rendered to patients for which statements were submitted. There was also evidence to support the government's claim of billings for services of this type which were not rendered. There were acquittals on the counts embracing these charges.

The convictions rested on counts charging that Dr. Katz and Dr. Amadio billed for patient visits in the hospital which were not made. Dr. Katz vigorously disputes the sufficiency of the evidence in this regard. He also complains of the failure of the district court, on two occasions, to order a mistrial as a

---

1. 18 U.S.C.A. § 1001:
   "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both."

2. 42 U.S.C.A. § 408(c):
   "Whoever—
   \* \* \* \* \*
   "(c) at any time makes or causes to be made any false statement or representation of a material fact for use in determining rights to payment under this subchapter;
   \* \* \* \* \*
   "shall be guilty of a misdemeanor and upon conviction thereof shall be fined not more than $1,000 or imprisoned for more than one year, or both."

result of statements made in the presence of the jury which he categorizes as prejudicial. Finding no error, we affirm.

## I.

The test by which we adjudge the sufficiency of the evidence is the now familiar one that the verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it. Glasser v. United States, 1942, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680, 704; Strauss v. United States, 5 Cir., 1963, 311 F.2d 926, 928.

Each of the counts in question charged that Dr. Katz billed for and received Medicare payments for hospital visits to patients which were not made. The five counts involve five patients, each count resting on transactions having to do with a single patient. The patient visits for which billings were made at either ten or fifteen dollars per visit, were in the totals of 40, 18, 10, 9, and 9 visits.

The uniform procedure established on the trial was that Dr. Katz billed for one visit per day during each day that a patient was confined to the hospital. The evidence in support of the government's case was in the form of testimony of some patients and relatives of some patients that many of the visits were not made. One nurse testified that Dr. Katz made visits to patients on two out of three days at best. Another nurse testified that Dr. Katz visited the approximately twenty five patients in the hospital in a total of twenty minutes. There was other testimony that a patient visit by a doctor was generally noted on the nurse's patient notes. These notes disclosed only nine of the claimed visits. A doctor who resigned after three weeks with the hospital, testified that he never saw Dr. Katz make patient visits.

The evidence by way of a defense of Dr. Katz was to the contrary. There was testimony from nurses and office assistants that Dr. Katz made daily rounds in the hospital which would have included all patients. His own testimony was to the same effect and that often he made rounds twice daily. The testimony of some of the patients was negative in the sense that they could have been sleeping or under medication and might not have known of a visit by Dr. Katz. There was some testimony that nurses did not always record a visit by a doctor.

In sum, this evidence was sufficient to make a question for the jury as to each count. The jury resolved the issues against Dr. Katz on the five counts and there the matter ends.

## II.

The other assignment of error relates to two occurrences during the trial which gave rise to motions for a mistrial. We have carefully examined the substance of each of them by considering them in context and in light of the corrective action taken by the district court. We conclude that the district court did not abuse its discretion in denying the motions for mistrial. Cf. United States v. Pritchard, 5 Cir., 1969, 417 F.2d 327; Leonard v. United States, 5 Cir., 1967, 386 F.2d 423.

Affirmed.