UNITED STATES of America,
Plaintiff-Appellee,

v.

Thomas Edward HILL and Ike Landrum,
Defendants-Appellants.

No. 73-3733.

United States Court of Appeals,
Fifth Circuit.

June 14, 1974.

Rehearing and Rehearing En Banc
Denied July 23, 1974.

Fred L. Banks, Jr., Jackson, Miss., for defendants-appellants.

Robert Hauberg, U. S. Atty., James B. Tucker, Asst. U. S. Atty., Jackson, Miss., for plaintiff-appellee.

Before MOORE\*, AINSWORTH and RONEY, Circuit Judges.

PER CURIAM:

Defendants Landrum and Hill were convicted after a jury trial on an eleven-count indictment charging the fraudulent obtaining of funds of an agency which received United States Government financial assistance, all in violation of 42 U.S.C. § 2703 and 18 U.S.C. § 2. Landrum was a job developer for the Mississippi Delta Council for Farm Workers Opportunities, Inc., an agency which received financial assistance under a grant from the U. S. Office of Economic Opportunity. The Mississippi Delta Council had a contract with Cataphote Corporation of Flowood, Mississippi, to train 20 unskilled persons. Hill was an assistant personnel manager for Cataphote.

Several errors are assigned by appellants, none of which is meritorious. Hill supplied the list of trainees to Landrum who screened them for his agency. Half of the list of applicants consisted of names of persons who were either not qualified or never applied and attendance records were falsified on a padded list. Checks were then issued, delivered by Landrum to Hill, who endorsed them, cashed them and shared the proceeds with Landrum. Eleven checks involved in the fraudulent scheme of defendants formed the basis of the indictment. Each check constituted a separate count in the indictment. Appellant contends that since the checks were delivered and cashed on only two occasions, six checks on one occasion and five checks on another, only two transactions were involved and thus the Government erroneously charged a separate transaction for each of the eleven checks. However, as the Government points out in its brief, in the present case the separate character of each transaction is shown by the fact that there was a false application for each particular trainee followed by a false two-week attendance record for that trainee, the preparation of a check and a signature sheet entry, a forged or falsely obtained endorsement on the check and on the signature sheet, and a retention and conversion of the check. Though the eleven counts involved a number of trainees, each count recited a transaction having to do with a single trainee. The Government concludes—and we agree—that there are eleven separate transactions relating to eleven different instances of obtaining money by fraud. Thus, the obtaining of each check by the fraudulent means described constituted a separate and distinct violation and thus each check constituted a separate offense. *See* Bins v. United States, 5 Cir., 1964, 331 F.2d 390, 393; Wilburn v. United States, 5 Cir., 1964, 326 F.2d 903, 904; *cf.* United States v. Katz, 5 Cir., 1972, 455 F.2d 496, 498, cert. denied, 408 U.S. 923, 92 S.Ct. 2491, 33 L.Ed.2d 334 (1972).

Appellant Landrum asserts that there was insufficient evidence to convict him on counts 7–11 which involved the last five checks. There is no merit to this contention since the evidence is clear that the checks and signature lists involved in these counts were prepared and turned over to Landrum for delivery to the company represented by Hill. We

---

\* Hon. Leonard P. Moore, Senior Circuit Judge of the Second Circuit, sitting by designation.

are satisfied that Landrum's fraud caused the checks to be issued; that Landrum delivered them and received a share of the illegal proceeds.

 The final contention that Hill's motion for a severance should have been granted is without merit, this being a matter within the sound discretion of the trial judge. Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L. Ed. 101 (1954); Kroll v. United States, 5 Cir., 1970, 433 F.2d 1282, 1286–1287, cert. denied, 402 U.S. 944, 91 S.Ct. 1618, 29 L.Ed.2d 112 (1971); Tillman v. United States, 5 Cir., 1969, 406 F.2d 930, 935. No abuse of discretion by the District Court or prejudice to defendants is apparent on this record. *See* United States v. Martinez, 5 Cir., 1973, 486 F. 2d 15; United States v. Nakaladski, 5 Cir., 1973, 481 F.2d 289.

Affirmed.