MATTER OF ESCOBAR

In Deportation Proceedings

A-21299709

*Decided by Board October 18, 1976*

Where the evidence establishing deportability was not obtained as a result of respondent's arrest, a claim of illegal arrest is not relevant to the proceedings; hence, counsel's motion for pre-hearing discovery seeking evidence that respondent's arrest was illegal, was properly denied since he failed to establish that the evidence sought was "essential" within the meaning of 8 C.F.R. 287.4(a)(2).

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entered without inspection

ON BEHALF OF RESPONDENT: Richard Eiden, Esquire
5932 Stafford Avenue
Huntington Park, California 90255

In a decision dated July 13, 1975, the immigration judge found the respondent deportable as charged, denied his application for voluntary departure under section 244(e) of the Immigration and Nationality Act, and ordered his deportation to Guatemala. The respondent has appealed from that decision. The appeal will be dismissed.

The respondent, a native and citizen of Guatemala, has been charged with deportability as an alien who entered the United States without inspection under section 241(a)(2) of the Act. At the hearing counsel submitted a Motion for Pre-Hearing Discovery in which he requested that the Immigration and Naturalization Service make available and permit the inspection and copying of records in its possession relating to the respondent's arrest. The immigration judge denied the motion. The respondent then admitted the truth of the allegations in the Order to Show Cause and conceded his deportability.

The immigration judge denied the application for voluntary departure as a matter of discretion. Based on the respondent's testimony at the hearing, the immigration judge found that the respondent had gained entry into the United States with the aid of a professional smuggler. He concluded that such evidence adversely affects an application for volun-

52

tary departure. Unable to discover any equities in the respondent's behalf to overcome this adverse factor, he denied the application. We agree with his conclusion. See *Matter of Rojas*, Interim Decision 2444 (BIA 1975).

Counsel for the respondent contends that the respondent was denied his right to due process in these proceedings. He bases his argument on the fact that the immigration judge denied counsel's motion for discovery. The immigration judge denied the motion on two grounds: (1) that it appeared to be a belated request for pre-hearing discovery and (2) that it had not been established that the evidence requested was essential to the proper resolution of these proceedings.

The type of discovery requested by counsel is covered by regulation. Under 8 C.F.R. 287.4(a)(2) an immigration judge may issue subpoenas requiring the attendance of witnesses or the production of documentary evidence or both subsequent to the commencement of the proceedings. According to the regulation, "The party applying for a subpoena shall be required, as a condition precedent to its issuance, to state in writing or at the proceeding what he expects to prove by such witnesses or documentary evidence, and to show affirmatively that he has made diligent effort without success to produce the same. Upon being satisfied that a witness will not appear and testify or produce documentary evidence and that his evidence is essential, the . . . special inquiry officer shall issue a subpoena."

Counsel at the hearing asserted that he expected to show by the evidence sought that the respondent's arrest was illegal and that, without access to Service records, he would be unable to make such a showing.

A claim of illegal arrest is not relevant to these proceedings where the evidence establishing the respondent's deportability was not obtained as a result of the arrest. See *Guzman-Flores* v. *INS*, 495 F.2d 1245 (7 Cir. 1974); *Klissas* v. *INS*, 361 F.2d 529 (D.C. Cir. 1966). Nor is the alien's mere physical presence "evidence" which may be suppressed in the event the arrest was illegal. *Guzman-Flores* v. *INS, supra*. The record in the present case contains no evidence which was obtained as a result of the respondent's arrest. We therefore conclude that counsel failed to establish that the evidence sought was "essential" within the meaning of 8 C.F.R. 287.4(a)(2). Accordingly, the denial of the motion for discovery was correct.

The appeal will be dismissed.

ORDER: The appeal is dismissed.