Harry M. KATZ, M.D.,
Plaintiff-Appellant,

v.

John L. BRIGGS, United States Attorney,
et al., Defendants-Appellees.

No. 76–3956
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 8, 1977.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Harry M. Katz, M.D., pro se.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Anthony J. LaSpada, Asst. U. S. Atty., Tampa, Fla., for defendants-appellees.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

PER CURIAM:

The plaintiff was convicted of making false statements regarding medicare claims. *See United States v. Katz*, 455 F.2d 496 (5th Cir. 1972), *cert. denied*, 408 U.S. 923, 92 S.Ct. 2491, 33 L.Ed.2d 334. In an independent action in the court below he filed a motion to compel the United States Attorney to produce all evidence gathered against him and all documents accumulated in his prosecution, including investigators' reports, time sheets, and statements. Relying on the business records statute, 28 U.S.C. § 1732, and Fed.R.Civ.P. 81(b) for jurisdiction, plaintiff contended that evidence favorable to his defense and exculpatory material was deliberately suppressed by the prosecution. The United States Attorney suggested that the claim was moot inasmuch as it had previously tendered all evidence accumulated in the prosecution to the plaintiff and he had failed to claim these documents. Plaintiff contested the completeness of this offer. He claimed it only covered records taken from the plaintiff and a hospital. The court ordered the United States Attorney to renew his offer, which was done. Plaintiff again refused the offer on grounds it did not cover the materials he suspected would show exculpation. The district court held it had no authority to require the United States Attorney to provide plaintiff with the additional materials he claims are possessed by the United States Attorney. It thereupon denied the motion and dismissed the action.

On appeal, plaintiff contends that he seeks the materials "in support of a pending action, 28 U.S.C. § 2255, which involves the rule of *Brady v. Maryland*, 373 U.S. 83 [83 S.Ct. 1194, 10 L.Ed.2d 215] (1963)." The appellant also contends, for the first time on appeal, that the documents sought must be made available to him under the Freedom of Information Act, 5 U.S.C. §§ 552 and 552a. However, appellant admits that he has not complied with the regulations under the Act for obtaining access to the documents.

The district court had no jurisdictional basis for entertaining the action asserted. We therefore lack jurisdiction of the appeal. Without prejudice to plaintiff's rights to pursue his remedies under the Freedom of Information Act, *see United States v. Murdock*, 548 F.2d 599 (5th Cir. 1977), or as a proper part of an action for relief under 28 U.S.C. § 2255, the appeal is

DISMISSED.