**Delores NORWOOD, by her father Calvin Norwood, et al., Plaintiffs-Appellees,**

**v.**

**D. L. HARRISON, Sr., et al., Defendants-Appellants.**

**No. 76–1865.**

United States Court of Appeals, Fifth Circuit.

Nov. 21, 1977.

---

Peter M. Stockett, Jr., Jesse R. Adams, Jr., Sp. Asst. Attys. Gen., A. F. Summer, Atty. Gen., Giles Bryant, Sp. Asst. Atty. Gen., Ed Davis Noble, Jr., Asst. Atty. Gen., Dept. of Justice, Jackson, Miss., for defendants-appellants.

Taylor B. Smith, Columbus, Miss., for E. Lowndes Educ. Foundation Inc.

Tom T. Ross, Clarksdale, Miss., for Mrs. George Bounds.

Stovall Lowrey, Clarksdale, Miss., for Mrs. L. Wright.

Will E. Ward, Starkville, Miss., for Starkville Academy.

Fraiser & Burgoon, Greenwood, Miss., for Seth Dillon, et al.

Before COLEMAN, SIMPSON and TJOFLAT, Circuit Judges.

PER CURIAM:

The plaintiffs-appellees sought an award of attorneys' fees for services rendered in *Norwood v. Harrison*, 413 U.S. 455, 93 S.Ct. 2804, 37 L.Ed.2d 723 (1973).[1] In a memorandum opinion the District Court concluded that they were entitled to recover the fees from the members and the Executive Secretary of the Mississippi State Textbook Purchasing Board, and their successors in office, "in their official capacity". An order was accordingly entered, as follows:

### ORDER

Upon motion of plaintiffs for an award of counsel fees, and after due consideration of all matters pertinent to a correct decision, and having concluded, for the reasons set forth in Memorandum Opinion this date released, that plaintiffs' counsel are entitled to an award of attorneys' fees and costs for their successful prosecution of the within cause, it is

### ORDERED

That the members and Executive Secretary of the Mississippi State Textbook Purchasing Board, and their successors in office, be assessed in their official capacity with liability for the sum of $23,852 as attorneys' fees due and payable to plaintiffs' counsel ($22,102 to Melvyn R. Leventhal, $1,750 to James M. Nabrit, III), and $4,999.94 taxable costs incurred by plaintiffs in the prosecution of the suit.

Jurisdiction is reserved to implement the mandate of this order.

This, 2nd day of March, 1976.

---

1. This litigation challenged the constitutionality of §§ 6634 *et seq.*, Mississippi Code Annotated (1942), which authorized the distribution, free, of state-owned textbooks to all pupils in elementary and secondary schools in Mississippi, regardless of whether the schools were public or private. A 3-Judge Court sustained the constitutionality of the statute, *Norwood v. Harri-son*, 340 F.Supp. 1003 (N.D.Miss.,1972). The Supreme Court vacated that decision, and, upon remand, the District Court enjoined the distribution of state-owned textbooks to any private school in Mississippi which discriminates on the basis of race, *Norwood v. Harrison*, 382 F.Supp. 921 (N.D.Miss.,1974).

**724**

/s/ William C. Keady
Chief Judge
United States
District Court

Notice of appeal was filed and the case was orally argued in this Court on October 17, 1977.

For the lack of an appealable final decision, 28 U.S.C., § 1291, we must dismiss the appeal.

On its face, the order negates the idea that it is a final judgment. It recites that board members and their successors in office are "assessed . . . with liability". No board members are named and no judgment is entered against anybody or against the Board as an official arm of the State. We are unable to see how a writ of execution could issue against anybody on the strength of this document. The reservation of jurisdiction to implement the order may be a hint that the Court was considering the possibility of a mandatory injunction directing the Board to issue a pay warrant against the state treasury for the payment of the money.[2]

In short, we are convinced that the order from which the appeal is sought must at this point be classified as interlocutory rather than final, 28 U.S.C., §§ 1291, 1292; *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945).

The appeal is

DISMISSED.

---

**2.** We do not reach, and indicate no opinion on, the issue of whether the Board is vested with the authority to issue such a warrant. Nor have we considered the matter of whether a judgment in this case could be entered against individuals or boards who were not, or could not be, made parties to the litigation.