Helen W. CASSIDY, Appellee,

v.

VIRGINIA CAROLINA VENEER CORPORATION, Appellant.

No. 80–1660.

United States Court of Appeals,
Fourth Circuit.

Argued May 7, 1981.
Decided June 19, 1981.

Gary L. Bengston, Danville, Va. (Gary L. Bengston, P. C., Danville, Va., James A. Harper, Jr., A. Neal Barkus, Michael H. Corley, Hunton & Williams, Richmond, Va., on brief), for appellant.

Robert L. Morrison, Jr., Danville, Va. (Warren, Parker, Williams & Stilwell, Danville, Va., on brief), for appellee.

Joel M. Cohn, Equal Employment Opportunity Commission, Washington, D. C. (Leroy D. Clark, Gen. Counsel, Philip B. Sklover, Acting Associate Gen. Counsel, Vincent Blackwood, Asst. Gen. Counsel, Washington, D. C., on brief), as amicus curiae Equal Employment Opportunity Commission.

Before MURNAGHAN and SPROUSE, Circuit Judges, and ERWIN *, District Judge.

MURNAGHAN, Circuit Judge:

Appellant invites us to rush to judgment. The circumstances, however, dictate that we not do so and that instead the appeal be dismissed as premature. It all grew out of an alleged employment discrimination on the basis of sex assertedly practiced by Virginia-Carolina Veneer Corp. against Cassidy, who, in June 1979, had left her job when her supervisor refused to allow her to have part of the afternoon off to see a doctor.

On October 2, 1979, Cassidy filed a timely charge of discrimination with the Equal Employment Opportunities Commission, followed by an amended charge on December 22, 1979. The EEOC sought to initiate its review with a factfinding session, but, before the session was held, Virginia-Carolina, on January 9, 1980, instituted a state court defamation case against Cassidy based on statements in her two complaints to the EEOC.

That prompted the filing of another charge by Cassidy with the EEOC charging retaliation for the original complaint. After filing the retaliation charge on January 28, 1980, Cassidy shortly thereafter, on February 8, 1980, filed a complaint in the United States District Court for the Western District of Virginia, seeking a preliminary injunction against any proceeding in the state suit pending further action by the EEOC.

On February 26, 1980, the EEOC itself filed suit in the federal district court seeking the same injunctive relief. By agreement Virginia-Carolina stayed its suit for 60 days. The EEOC on March 26, 1980 made a determination that there was rea-

---

* The Honorable Richard C. Erwin, United States District Judge for the Middle District of North Carolina, sitting by designation.

sonable cause to believe that there had been retaliation in violation of Section 704(a) of Title VII,[1] but that there was no cause to believe that the original action of the company which led Cassidy to quit her job constituted discrimination.

Conciliation efforts having failed, on May 30, 1980 the EEOC initiated a second complaint in the federal district court requesting a permanent injunction of the state defamation suit. The district court subsequently dismissed the earlier EEOC action for preliminary injunctive relief, presumably because it had been superseded by the later filed action. Learning that Virginia-Carolina had renewed efforts to prosecute the state defamation suit, on June 6, 1980 the EEOC again moved for a preliminary injunction. On July 11, 1980, the EEOC issued to Cassidy notice of a right to sue on the retaliation charge.

■ Cassidy and the EEOC moved for consolidation of their cases seeking injunctions on retaliation grounds. Consolidation was allowed by the district court which, on the merits, then granted summary judgment to both Cassidy and the EEOC in the form of a preliminary injunction and a permanent injunction ordering Virginia-Carolina to take a non-suit in its state defamation action. The district court, 495 F.Supp. 775, reasoned that an absolute privilege attached to the filing of the charges with the EEOC so that the defamation action based on the charges constituted retaliation as a matter of law. *E. g., Cooper v. Pic-Walsh Freight Co.*, 19 EPD 8994 (E.D.Mo.1976). Section 704(a) explicitly outlaws any action against an employee "because he has made a charge . . . or participated in any manner in an investigation, proceeding or hearing under this title." *Cf. Pettway v. American Cast Iron Pipe Co.*, 411 F.2d 998, 1004–05 (5th Cir. 1969) ("There can be no doubt about the purpose of § 704(a). In unmistakable language it is to protect the employee who utilizes the tools provided by Congress to protect his rights. The Act will be frustrated if the employer may unilater-

ally determine the truth or falsity of charges and take independent action.").

Additionally, the district judge indicated: "The court will enter an appropriate judgment granting plaintiffs' motions for summary judgment, attorneys' fees and cost[s]." The court, however, has as yet not reduced that statement as to intended action to an actual judgment for any specific amount of attorneys fees.

Virginia-Carolina appealed both the EEOC's case and Cassidy's case, and they were consolidated by us "for the purpose of briefing and oral argument." However, in December 1980, Virginia-Carolina dismissed its appeal in the EEOC case, agreeing to pay costs and attorneys' fees. The appeal in the EEOC portion of the consolidated case was dismissed, leaving outstanding only the appeal from the judgment in favor of Cassidy.

Inasmuch as the resulting finality with respect to the injunctive relief sought and obtained by the EEOC in its case is fully established, the appeal remaining extant before us now has as its only purpose the obtaining of a determination that Virginia-Carolina is not liable to Cassidy for attorneys' fees.

The company raises several jurisdictional or related grounds for upsetting the district court's judgment awarding injunctive relief to Cassidy primarily relying on the consideration that the complaint of Cassidy was filed before the 180 day period expired and before a right to sue letter had been issued. *See* Section 706(f)(1) of Title VII.[2] In addition, assertions of want of jurisdiction under 42 U.S.C. § 1983, and 28 U.S.C. § 1343 are made as well as a claim that there was a violation of the anti-injunction statute, 28 U.S.C. § 2283. Virginia-Carolina also claims that the abstention principles associated with *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) have been ignored.

■ Insofar as the abstention claim is concerned it is patently without merit. The

---

1. 42 U.S.C. § 2000e–3(a).

2. 42 U.S.C. § 2000e–5(f)(1).

defamation suit concerns no important state interests, D.C., 495 F.Supp. 775, and the state is not a party to the litigation. *See Parker v. Turner*, 626 F.2d 1, 4 (6th Cir. 1980). The language of Section 704(a) addresses in plain and unambiguous fashion the controlling question of federal law. *Babbitt v. United Farm Workers National Union*, 442 U.S. 289, 306, 99 S.Ct. 2301, 60 L.Ed.2d 875 (1979); *Wohl v. Keene*, 476 F.2d 171, 174 (4th Cir. 1973); *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813–17, 96 S.Ct. 1236, 1244–1246, 47 L.Ed.2d 483 (1976).

The jurisdictional questions which Virginia-Carolina seeks to pose are perhaps not entirely free from difficulty. *See Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 361, 97 S.Ct. 2447, 2452, 53 L.Ed.2d 402 (1977). However, should any one of them prove warranted, it would simply lead to dismissal of the appeal.[3] Even, however, if those jurisdictional attacks are doomed to failure, indeed if the district court had jurisdiction, and there are substantial arguments to be made by Cassidy which might well lead to that result,[4] nevertheless dismissal of the appeal is still indicated.

When the appeals were first lodged, they addressed both an issue on the merits (i. e. whether it had been proper to grant injunctive relief) and a secondary, procedural matter (whether there should be an award of counsel fees). In that posture, the existence of the substantive issue established finality as to that part of the appeal, regardless of whether the procedural matter was yet ripe. *DeLong Corp. v. Raymond International, Inc.*, 622 F.2d 1135, 1138 n.3 (3d Cir. 1980).

However, Virginia-Carolina eliminated those grounds when it abandoned the issue on the merits, leaving only the procedural issue outstanding, in a posture by no means final, since no actual award of counsel fees has as yet been entered. Neither party sought, much less obtained, the fixing of the amount of fees prior to the lodging of an appeal by Virginia-Carolina. Consequently, the appeal must be dismissed as lacking in finality. 28 U.S.C. § 1291; *Norwood v. Harrison*, 563 F.2d 722, 724 (5th Cir. 1977). None of the provisions of 28 U.S.C. § 1292, permitting interlocutory appeals in certain restricted circumstances extend to a non-specific statement of an intent to award counsel fees at some future time.

Should the district court hereafter award counsel fees, and should Virginia-Carolina then lodge an appeal, it will be time enough to resolve both the issue of the court's jurisdiction to do so, and, if the answer is affirmative, any question as to claimed inappropriateness of amount and any other asserted defects Virginia-Carolina may seek to raise. In proceeding in that manner, we avoid two appeals to dispose of the case, thereby forwarding the established policy against piecemeal appeals. *E. g. Switzerland Cheese Association, Inc. v. E. Horne'e Market, Inc.*, 385 U.S. 23, 25, 87 S.Ct. 193, 195, 17 L.Ed.2d 23 (1966).

*DISMISSED.*

---

**3.** The grounds would be absence of jurisdiction in the district court which would consequently void any jurisdiction to hear an appeal. *Katz v. Briggs*, 550 F.2d 310 (5th Cir. 1977).

**4.** *E. g. Drew v. Liberty Mutual Ins. Co.*, 480 F.2d 69 (5th Cir. 1973), *cert. denied,* 417 U.S. 935–36, 94 S.Ct. 2650, 41 L.Ed.2d 239 (1974).