[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10577
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cr-00257-TJC-JBT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRACY D. HAMMETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 29, 2013)

Before DUBINA, MARCUS, and MARTIN, Circuit Judges.

PER CURIAM:

After a jury trial, Tracy D. Hammett appeals her convictions on seven counts of theft of government property in violation of 18 U.S.C. § 641.  Hammett argues on appeal that the district court erred in denying her motion for judgment of acquittal based on sufficiency of the evidence.  Upon review of the record and consideration of the parties' briefs, we affirm.

We review de novo a challenge to the sufficiency of the evidence, considering the evidence in the light most favorable to the government, and drawing all reasonable inferences and credibility choices in the government's favor.  United States v. Friske, 640 F.3d 1288, 1290–91 (11th Cir. 2011).  "A jury's verdict cannot be overturned if any reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt."  United States v. Herrera, 931 F.2d 761, 762 (11th Cir. 1991).  "The evidence need not be inconsistent with every reasonable hypothesis except guilt, and the jury is free to choose between or among the reasonable conclusions to be drawn from the evidence presented at trial."  United States v. Poole, 878 F.2d 1389, 1391 (11th Cir. 1989).  When the government relies on circumstantial evidence, the conviction must be supported by reasonable inferences, not mere speculation.  Friske, 640 F.3d at 1291.

To support a conviction under 18 U.S.C. § 641 for theft of government money, the government must prove that (1) the money or property belonged to the

government; (2) the defendant fraudulently appropriated the money or property for her own use or the use of others; and (3) she did so knowingly and willfully with the intent either temporarily or permanently to deprive the owner of the use of the money or property. United States v. McRee, 7 F.3d 976, 980 (11th Cir. 1993) (en banc). Circumstantial evidence, considered within the context of the overall evidence presented at trial, can be sufficient to prove the requisite intent. See id. at 983.

Hammett worked as a cashier at a marina on a naval base in Jacksonville, Florida, until January 20, 2011. On her last day of employment, her manager took her keys to the marina and her base identification card, but did not remove the stickers from her car, because her car was not there that day.

Between January 14 and April 10, 2011, there were seven refunds issued from the marina to a MasterCard debit card. The refunds were unusual because the marina had refunded similarly large amounts only once or twice in the past ten years. The refunds also had no corresponding sales records. Instead of being issued through normal procedures, these refunds were issued using the marina's back-up system, VeriFone, which did not require a password and allowed the user to erase the transaction history from the machine. Hammett knew how to use VeriFone. Hammett worked on the days the first two refunds were issued, and

may have been working alone on one of those days.  The remaining refunds were issued at times when the marina was open to the public.

The debit card was registered in Hammett's roommate's name at the address where they lived.  The only money credited to the card during this time period was from the marina refunds.  Shortly after each refund the card was used at ATMs to withdraw amounts equal or close to the amount of the refund.  A surveillance camera captured images of a car like Hammett's pulling up to a drive-up ATM to make three of the withdrawals.  After another refund, a surveillance camera at a walk-up ATM captured Hammett using the debit card to make three successive withdrawals totaling within $1.25 of the previous day's refund from the marina.  The other three marina refunds that were $750 or more were withdrawn in a similar manner, using withdrawals in immediate succession.

Hammett argues the evidence did not sufficiently connect her to each of the seven transactions, and that there was insufficient evidence of her intent to deprive the actual owner of the use of the money.  Considering the evidence in the light most favorable to the government, we find that a reasonable construction of the evidence allowed the jury to find Hammett guilty beyond a reasonable doubt as to each count.  In addition to the evidence that Hammett had access to and knew how to use the VeriFone system, the government also presented evidence that connected Hammett to the debit card and some of the illegal withdrawals through

4

surveillance video.  The government's evidence also showed that the card was only used for these refunds and was used in a similar way for each refund and withdrawal (or series of withdrawals).  Considered together, this evidence was sufficient to allow the jury to reasonably infer without speculation that Hammett participated in each transaction.  See United States v. Katz, 455 F.2d 496, 498 (5th Cir. 1972) (affirming conviction of five counts of filing false statements based on "uniform procedure established [at] the trial" and testimony of "some patients and relatives").[1]

The jury also could have reasonably concluded that Hammett acted with the requisite intent.  The government presented evidence that (1) the refunds were issued using the less secure, back-up sales processing system that allowed the user to erase the transaction history, (2) the refunds had no corresponding sales records, (3) the refunds were the only transactions made to the debit card, and (4) the refunds were followed by withdrawals in amounts identical or nearly identical to the refund amounts.  This evidence, together with the evidence directly linking Hammett to the debit card and some of the transactions, was sufficient to support the jury's verdict.  See McRee, 7 F.3d at 983 (affirming conviction "[b]ased on the tremendous circumstantial evidence of specific intent and the evidence rebutting the claims of good faith").

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Accordingly, Hammett's convictions are **AFFIRMED.**